Mr. Chief Justice Shaukey
delivered the opinion of the court.
This action is founded on an executor’s bond, and recovery is resisted on the ground of the facts disclosed by the pleas. The substance of the matter pleaded is, that Enloe, for whose use the suit was brought, was at the time administrator, with the will annexed, of the goods and chattels of Philip Alston, deceased, who was surety and co-obligor in the bond, and as such, jointly liable. That while he was so acting as administrator, he became the assignee and purchaser of the whole interest of James D. Wells, the sole heir and legatee of William Wells, deceased, in the estate, and that he, James D. Wells, by said sale, transferred the estate to Enloe, by which it is averred, that Wells’s right of action was extinguished. Mildred M’Donald, formerly Mildred Wells, one of the defendants below, was the executrix, and the action Avas brought for a legacy.
For the defendants in error, it is insisted, that Enloe being the administrator on Alston’s estate, and liable to be sued as such on bond, could not make such a purchase, and recover on it; that when he purchased, it was a satisfaction of the bond on demand for the benefit of the estate, on which he was administrator, and that he could only have recourse to the other obligors for their portions in his representative character. The position is taken that Enloe was a trustee, and could not profit by purchasingliens on the estate. In support of this argument, many authorities containing the learning on that subject have been relied on, but the view that I take of the case makes them inapplicable.
The bond was made by Mildred Wells, with Henry G. Johnston and Philip Alston, as sureties, conditioned for the faithful discharge of the duties of executor, by making a true inventory, and in all things complying with the will. By the will, it seems the property was left to James D. Wells. The executrix was therefore bound to deliver the property, as the will’directed.
The rights of James D, Wells did not exist in the bond alone; *301 that was only executed to guarantee to him his ultimate Tight to the estate. It was not the bond that Enloe purchased, but it was, as the plea states, the whole interest of James D. Wells in the estate, and the purchase of the estate did not confer necessarily a right of action on the bond. Nothing but a breach of duty on the part of the executrix gave such a right, and it may be, that there had not been such a violation of duty at the time Enloe became the purchaser, and that there was, therefore, no right of action against the obligors. How then could his' purchase operate as a satisfaction of that which did not exist; and how, also, could the purchase by Enloe, of an estate, which his testator, Alston, had undertaken, should be delivered to the person entitled to receive it, enure to the benefit of the estate on which he was administrator? When Mrs. McDonald refused to pay, or deliver the legacy, it was a forfeiture of the bond; and she, together with the obligors, became liable for damages. There may have been, and I take it there was, from the language of the plea, specific property to which the legatee had a right, and if, by the purchase of Enloe, the damages enured to the estate, which he represented, would not the specific property also follow them? There can be no reason for separating them, and there is as little reason for turning the property over to the estate.
But it is said, that Enloe, as the administrator of Alston, could only resort to the other defendants, or to one of them, at least for contribution, having by his purchase, actually paid' the demand. What would be the measure of contribution? A bond of this description only gives the right to recover for the actual damage sustained, which must be proved to a jury, before a recovery can be effected. If the bond has been discharged by the act of Enloe, in purchasing the estate, and this suit cannot be sustained; of course, there can be no means by which the amount of contribution can be ascertained. Johnston would not be bound to pay him his proportion of the sum given for the legacy, because Johnston’s liability is secondary, arising only in consequence of the breach of the condition of the bond, and by taking away the action, the only mode of arriving at the extent of his liability, he ^ would, of course, be entirely released, and the whole loss would *302 thus fall upon Alston’s estate. An administrator who pays the debts of an estate, or who raises incumbrances from it, is entitled to remuneration out of the assets, and if that be construed as a mere payment by Enloe, it would be but reasonable that he should be allowed to retain; yet in reality, he could have no such right; for there is no means of arriving at the amount. It is not the mere execution of the bond that created a liability on the obligors; it depended upon something to be done afterwards. The bond in this instance is only inducement to the action, the gist of the action being the breach of the conditions of the executrix, which could only be established by proof, and the other obligors are in no degree liable, until it be made appear. If, therefore, the legal operation of Enloe’s act be a satisfaction of the demand, as to the estate he represents, he has discharged that for which he cannot legally claim to be allowed to reimburse himself. For these reasons, I think the pleas were bad, as the facts constituted no bar to the action, and the court erred in overruling the demurrer to them.
The judgment must be reversed, cause remanded, and re-spondeat ouster awarded.